YOHAN LEE (SBN 259271)
ylee@yleelaw.com
JAKE Y. JUNG (SBN 297686)
jakejung@yleelaw.com
LAW OFFICES OF YOHAN LEE
5681 Beach Boulevard, Suite 200
Buena Park, California 90621
Telephone:   (714) 523-2700
Facsimile:    (714) 523-7100

Attorneys for Plaintiff
HEALTHAVE, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| HEALTHAVE, INC., a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> AMAZON SERVICES, LLC, a Nevada corporation; AMAZON SERVICES CONTRACTS, INC., a Delaware corporation; AMAZON PAYMENTS, INC., a Delaware corporation; AMAZON CAPITAL SERVICES, INC., a Delaware corporation; and DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO.: 8:18-cv-01466 <br><br> **COMPLAINT FOR:** <br><br> **1) BREACH OF CONTRACT;** <br><br> **2) VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW, BUS. & PROF. CODE SECTIONS 17200, *ET SEQ*.; AND** <br><br> **3) CONVERSION** <br><br> <u>DEMAND FOR JURY TRIAL</u> |

# COMPLAINT

Plaintiff HEALTHAVE, INC. ("Plaintiff") alleges the following facts upon actual knowledge with respect to themselves and their own acts and upon information and belief as to the actions of Defendants AMAZON SERVICES, LLC, a Nevada corporation; AMAZON SERVICES CONTRACTS, INC., a Delaware corporation; AMAZON PAYMENTS, INC., a Delaware corporation; AMAZON CAPITAL SERVICES, INC., a Delaware corporation, and DOES 1 – 10 (collectively, "Defendants") hereby files this Complaint and complain and allege as follows:

## THE PARTIES

1. Plaintiff is, and at all times herein mentioned was, a California corporation, in good standing, qualified to do business in California, with its principal place of business in the County of Orange, California.

2. Plaintiff is informed and believes, and on that basis alleges that Defendant AMAZON SERVICES, LLC is a Nevada corporation, is qualified for the transaction of intrastate business in the State of California.

3. Plaintiff is informed and believes, and on that basis alleges that Defendant AMAZON SERVICES CONTRACTS, INC., a Delaware corporation, is qualified for the transaction of intrastate business in the State of California.

4. Plaintiff is informed and believes, and on that basis alleges that Defendant AMAZON PAYMENTS, INC., a Delaware corporation, is qualified for the transaction of intrastate business in the State of California.

5. Plaintiff is informed and believes, and on that basis alleges that Defendant AMAZON CAPITAL SERVICES, INC., a Delaware corporation, is qualified for the transaction of intrastate business in the State of California.

6. Plaintiff is unaware of the true names or capacities, whether individual, corporate, associate or otherwise of the Defendants sued herein as

1  DOES 1 to 10, inclusive, and therefore, sue the Defendants by such fictitious
2  names.  Plaintiff will amend these claims to allege their true names and capacities
3  when ascertained.  Plaintiff is informed and believes and thereon alleges, that each
4  of the fictitiously named Defendants is responsible in some manner for the
5  occurrences herein alleged and that Plaintiff's damages as herein alleged were
6  proximately caused thereby.

7.  Plaintiff is informed and believes, and on that basis alleges that at all times mentioned herein, each of the Defendants was, and is, the agent, servant and employees, employer of each of the other Defendants, and in doing the things hereinafter alleged, were acting both on their own behalf and within the course and scope of such agency and employment, and with the knowledge, ratification and/or approval of each of their responsive principals.

8.  Plaintiff is informed and believes, and on that basis alleges that that each of the named Defendants are responsible in some manner for the occurrences herein alleged, and Plaintiff's damages as herein asserted were proximately caused by such Defendants.  Plaintiff is informed and believes, and on that basis alleges that at all times herein mentioned each of the Defendants were the agent, employee, servant, partner, guarantor, or successor of each of the named Defendants and in doing the things herein asserted, were acting within such course and scope.

**NATURE OF THIS ACTION; JURISDICTION OF THE COURT**

9.  This is an action for breach of contract, violation of unfair competition law, Bus. & Prof. Code §§17200 *et seq*., and conversion under the law of California.

10.  This Court has subject matter jurisdiction over the Defendants as Plaintiff is a California corporation while Defendants AMAZON SERVICES CONTRACTS, INC., AMAZON PAYMENTS, INC., and AMAZON CAPITAL

1  SERVICES, INC. are Delaware corporations and Defendants AMAZON
2  SERVICES, LLC is a Nevada corporation. The amount in controversy exceeds
3  jurisdictional limit of $75,000.

4  11. The Court has personal jurisdiction over Defendants in this action and venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c) because, as alleged further below: (a) Defendants have intentionally engaged in substantial business within this forum amounting to sufficient minimum contacts, including, but not limited to, the offer for sale and sale of their products and/or services into California and into this district, including the use of the Internet; and (b) a substantial part of the acts or omissions giving rise to the asserted claims occurred or had effects in this judicial district. Venue is proper in this district under 28 U.S.C. § 1391 as Defendants are subject to the personal jurisdiction of the Court situated herein. Defendants maintain continuous and systematic commercial contacts with the State of California by, *inter alia*, conducting business in the State of California; purposefully availing themselves of the opportunity to conduct commercial activities in the State of California; regularly conducting business in the State of California; committing a substantial part of the wrongful acts complained of herein in interstate commerce, in the State of California, and in this judicial district; and conducting business activities in the State of California by advertising, offering for sale, and selling competing products and services as complained of herein while actively and continuously soliciting and consummating commercial transactions with California residents. Defendants are found within the State of California.

**GENERAL ALLEGATIONS**

12. Plaintiff first became an amazon.com seller in March 2014. In opening its seller account, Plaintiff was presented with the Amazon Services Business Solutions Agreement ("ASBSA"), an agreement setting the terms for the Amazon/seller relationship. Attached hereto as Exhibit "A" is a true and correct

copy of the ASBSA. The seller signup page included the following:

"Amazon Services Business Solutions Agreement:

☐ I have read and accepted the terms and conditions of the <u>Agreement</u>."

The underlined word "Agreement" included a hyperlink to the ASBSA. Plaintiff's president Danny Yoo clicked the box indicating he had read the ASBSA and agreed to its terms.

13. ASBSA has a choice of law and forum selection provision under Paragraph 19 as follows:

> Any dispute with Amazon or its affiliates or claim relating in any way to this Agreement or your use of the Services shall be adjudicated in the Governing Courts, . . . or, if Your Elected Country is the United States, we both consent that any such dispute or claim will be resolved by binding arbitration as described in this paragraph, rather than in court, except that you may assert claims in a small claims court that is a Governing Court.

14. For the past four (4) years, Plaintiff marketed, sold, and shipped various products including dietary supplements, groceries, home and office supplies, and beauty supplies using amazon.com.

15. On or about January 23, 2018, Defendants blocked Plaintiff's access to its seller account through sellercentral.amazon.com. Plaintiff has inquired Defendants' seller support team numerous times about the reason for this suspension. Defendants' response was always the same that Plaintiff needs to make email inquiry to Defendants' seller-performance team. From thereon Plaintiff has emailed its inquiry to seller-performance team and inquired the status of its account. Defendants failed to respond to Plaintiff's inquiries.

16. During this unexplained suspension from January 2018 to this date,

1  Plaintiff has demanded Defendants pay it the amounts Defendants collected from
2  Plaintiff's final sales.  Defendants have never responded to its demand.

3      17.    On or about May 31, 2018, Plaintiff, through its attorney, sent a
4  demand letter to Defendants to investigate the reason for the suspension and to
5  demand the return of unlawfully held money and its 3,000 units of goods valued in
6  the amount of more than $70,000.  A true and correct copy of Plaintiff's demand
7  letter is attached hereto as Exhibit "B."  Defendants have never responded to this
8  demand.

9      18.    On or about June 25, 2018, Plaintiff, through its attorney, sent its
10 arbitration claim to CSC Services of Nevada, Inc., which is Defendants' agent for
11 arbitration ("CSC").  A true and correct copy of Plaintiff's arbitration demand is
12 attached hereto as Exhibit "C."  To date CSC has failed to respond to Plaintiff's
13 arbitration demand.

14     19.    In July 2018, Plaintiff's counsel made numerous attempts to find out
15 the status of Plaintiff's arbitration demand by calling Defendants and CSC.
16 Neither did CSC nor Defendants give answers to Plaintiff.

17

18 **FIRST CAUSE OF ACTION**
19 **Breach of Contract**
20 **(Against all Defendants)**

21     20.    Plaintiff incorporate each and every preceding paragraph as though set
22 forth fully herein.

23     21.    Pursuant to the terms of the ASBSA, the parties consent that any such
24 dispute or claim will be resolved by binding arbitration.  Plaintiff did its best to
25 resolve this dispute with Defendants by contacting Defendants numerous times and
26 submitting its arbitration demand to Defendants' designated agent.  Plaintiff has
27 performed all conditions, covenants and promises pursuant to such agreement
28 except to the extent that such performance was excused or made impossible due to

the actions of Defendants.

22. Defendants and DOES 1 through 10, inclusive, and each of them, breached the above-referenced ASBSA by failing to engage in arbitration or explaining the reason of Plaintiff's account suspension, despite Plaintiff's demand therefor.

23. As a direct and proximate result of the above-referenced breaches by Defendants, Plaintiff has been damaged in excess of $130,000.00, and seeks recovery thereof from said Defendants, and each of them, together with interest thereon at the legal rate from the date(s) of breach through date of judgment herein in a sum to be determined according to proof, and costs of suit incurred herein according to proof. Said Defendants are jointly and severally liable to Plaintiff for said damages, interest, and costs.

## SECOND CAUSE OF ACTION
### Violation of the Unfair Competition Law
### Cal. Bus. & Prof. Code §§ 17200 *et seq.*
### (Against all Defendants)

24. Plaintiff incorporates each and every preceding paragraph as though set forth fully herein.

25. The actions of Defendants described above, and specifically Defendants' unauthorized illegal hold of Plaintiff's property and money and their failure to respond to Plaintiff's inquiry and arbitration demand with knowledge and conscious disregard of Plaintiff's rights in its property and money in violation of the laws of the State of California.

26. Defendants' conduct as described herein constitutes an illegal pattern and practice so pervasive as to form a general business practice which is forbidden by Cal. Bus. & Prof. Code §§ 17200 *et seq.*

27. Plaintiff seeks injunctive relief prohibiting Defendants' continued

COMPLAINT
7

1 violation of the above-described unlawful conduct, which constitutes an unfair
2 business practice.

3     28. Plaintiff seeks restitutionary relief in the form of Defendants'
4 disgorgement of the converted funds and the profits gained through their unlawful
5 and unfair business practice. Members of the public have been, continue to be, and
6 are likely to be, deceived by Defendants' continued unlawful conduct as described
7 herein.

8     29. Plaintiff and the other members of the public have no adequate
9 remedy at law to protect themselves from Defendants' pervasive, fraudulent and
10 unfair business practice. A remedy at law is inadequate because the defrauded
11 persons must initiate litigation after Defendants' unlawful conduct has occurred.
12 Once a remedy at law matures, Defendants' actions will have already violated
13 California law and would compel the defrauded persons, including Plaintiff, to
14 initiate litigation to remedy the fraud.

15     30. Granting injunctive relief will protect other California residents from
16 future exploitation of Plaintiff.

17     31. Pursuant to Cal. Bus. & Prof. Code §§ 17200 *et seq.,* Defendants
18 should be required to disgorge all money that they improperly obtained through
19 their unlawful practices.

## THIRD CAUSE OF ACTION

### Conversion

**(Against all Defendants)**

23     32. Plaintiff incorporates each and every preceding paragraph as though
24 set forth fully herein.

25     33. Plaintiff is, and at all times mentioned herein was, the owner of about
26 3,000 units of goods referenced above and valued in the amount of more than
27 $70,000.

28     34. Since January 2018, Defendants failed to return to Plaintiff the goods

referenced above. Plaintiff is, and at all times mentioned herein was, entitled to the immediate and exclusive possession of said goods.

35. Thereafter, Plaintiff demanded in multiple times that Defendants either pay for or return the goods. Defendants, and each of them, however, refused and failed to return or pay for said goods after Plaintiff's multiple demands, and continue to withhold possession of said goods from Plaintiff in violation of Plaintiff's right to immediate and exclusive possession thereof. At no time, Defendant provided any reasons for not making payments for said goods and simply ignored Plaintiff's multiple demands for return and payments. Plaintiff is informed and believes and based thereon alleges that Defendants have willfully and intentionally converted said goods to their own personal use and/or benefit, in intentional disregard of the rights of Plaintiff thereto.

36. Plaintiff is informed and believes, and on that basis alleges that, by reason of the above-described wrongful acts and omissions of Defendants, Defendants, and each of them, have wrongfully and improperly been unjustly enriched by the delivery by Plaintiff of goods referenced above, in the fair value of $70,000, for which goods no payment has been made by said Defendants, and each of them. Plaintiff is further informed and believes, and on that basis alleges that Defendants remain in possession of some or all Plaintiff's goods unpaid for by said Defendants, and/or have converted all or a portion thereof into other real and/or personal property which remains in their possession, custody or control.

37. Plaintiff respectfully requests that order issue from this Court declaring all of Plaintiff's goods unpaid for as referenced above remaining in the possession, custody or control of Defendants and each of them, and/or any other real and/or personal property obtained and/or derived from the conversion of said goods in the possession, custody or control of Defendants to be held by said Defendants in constructive trust for the benefit of Plaintiff. Plaintiff further seeks recovery from Defendants of Plaintiff's costs of suit incurred herein, in a sum to be

determined at time of trial according to proof.

38. As a direct and proximate result of the above-referenced breaches by Defendants, Plaintiff has been damaged in excess of $70,000, and seeks recovery thereof from said Defendants, and each of them, together with interest thereon at the legal rate from the date(s) of breach through date of judgment herein in a sum to be determined according to proof, and costs of suit incurred herein according to proof. Said Defendants are jointly and severally liable to Plaintiff for said damages, interest, and costs.

39. Plaintiff is informed and believes, and on that basis alleges that the aforementioned acts and conduct of Defendants were committed willfully, wantonly, and with malice, fraud and/or oppression, in conscious disregard of the rights of Plaintiff, and justify the awarding of exemplary and punitive damages in favor of Plaintiff and against Defendants in such sum as this Court shall determine to be just and reasonable.

## **PRAYER**

WHEREFORE, Plaintiff Healthave, Inc. prays as follows:

**A.** **FIRST CAUSE OF ACTION (Breach of Contract)**
1. For compensatory damages in the sum of $130,000.00;
2. For pre-judgement interest at the highest legal rate from the date(s) of breach through date of judgment herein in a sum to be determined according to proof;
3. For costs of suit incurred herein according to proof; and
4. For such other and further relief as the Court may deem proper.

**B.** **SECOND CAUSE OF ACTION (Violation of UCL Bus. & Prof. Code §§17200, et seq.)**
1. For the issuance an injunction that permanently enjoins Defendants, and each of them from:
   a. converting money that rightfully belongs to Plaintiff;

      b.    otherwise engaging in unfair business practices or other forms of unfair competition;

  2.    For a declaration that Defendants return to Plaintiff all money that they converted from Plaintiff;

  3.    For a declaration that Defendants disgorge all the profits that they obtained through engaging in unfair business practices or other forms of unfair competition;

  4.    For pre-judgement interest at the highest legal rate from the date(s) of breach through date of judgment herein in a sum to be determined according to proof;

  5.    For costs of suit incurred herein according to proof; and

  6.    For such other and further relief as the Court may deem proper.

**C.**   **THIRD CAUSE OF ACTION (Conversion)**

  1.    For compensatory damages in excess of $70,000;

  2.    For pre-judgement interest at the highest legal rate from the date(s) of breach through date of judgment herein in a sum to be determined according to proof;

  3.    For order declaring all of Plaintiff's goods unpaid for as referenced above remaining in the possession, custody or control of Defendants and each of them, and/or any other real and/or personal property obtained and/or derived from the conversion of said goods in the possession, custody or control of Defendants to be held by said Defendants in constructive trust for the benefit of Plaintiff;

  4.    For exemplary and/or punitive damages;

///

///

5. For costs of suit incurred herein according to proof; and

6. For such other and further relief as the Court may deem proper.

Dated: August 17, 2018                    LAW OFFICES OF YOHAN LEE


                                          By:    /s/ *Jake Y. Jung*
                                                 YOHAN LEE
                                                 JAKE Y. JUNG
                                                 Attorneys for Plaintiff
                                                 HEALTHAVE, INC.

# **CERTIFICATE OF SERVICE**

    I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Electronic Service List for this Case.

Respectfully submitted,

Dated: August 17, 2018                      By: */s/Jake Y. Jung*

                                                     Jake Y. Jung